SEAN M. CALLAGY (SBN 255230)
BENJAMIN T. HALBIG (SBN 321523)
OLUOMA KAS-OSOKA (SBN 309183)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    415.471.3100
Facsimile:    415.471.3400
sean.callagy@arnoldporter.com
benjamin.halbig@arnoldporter.com
oluoma.kas-osoka@arnoldporter.com

ROBERT J. KATERBERG (appearance *pro hac vice*)
ELISABETH S. THEODORE (appearance *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone:    202.942.5000
Facsimile:    202.942.5999
robert.katerberg@arnoldporter.com
elisabeth.theodore@arnoldporter.com

*Attorneys for Defendant Adobe Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID KEITH COOPER, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>ADOBE SYSTEMS INCORPORATED,<br><br>Defendant. | Case No.: 5:18-cv-06742-BLF<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:   September 18, 2019<br>Time:   9:00 AM<br>Place:  Courtroom 3, 5th Floor<br>Judge:  Hon. Beth Labson Freeman |

**INTRODUCTION**

Plaintiff David Keith Cooper claims that a bug in an April 2017 version of a Creative Cloud video editing program caused him to lose valuable files on his computer. Before using Adobe's software, Mr. Cooper entered into an agreement to arbitrate any claims relating to the company's Creative Cloud products. Despite that agreement, he presses a class action against Adobe in this Court. Nothing in Mr. Cooper's opposition to Adobe's Motion to Compel Arbitration justifies his failure to abide by the parties' agreement to arbitrate.

First, Mr. Cooper argues that, because he agreed to arbitrate while using a Creative Cloud application other than the one at issue, the arbitration provision does not apply. Second, he alleges that the parties' arbitration agreement is unconscionable. Third, he cites to recent California and Ninth Circuit decisions invalidating waivers of the right to seek public injunctive relief under California statutes.

None of these arguments relieves Mr. Cooper of his agreement to arbitrate, because they are matters for the arbitrator to decide. Mr. Cooper does not dispute that he has an arbitration agreement with Adobe, and that agreement delegates arbitrability issues to the arbitrator. The Ninth Circuit and this Court have specifically held that under such a delegation, the scope, unconscionability, and other challenges to arbitrability that Mr. Cooper brings here must be addressed to the arbitrator.

Even if this Court were to reach Mr. Cooper's challenges to arbitrability, they all lack merit. Mr. Cooper's claims squarely fall within the broad coverage of the arbitration agreement in the Terms of Use for Creative Cloud, and his unconscionability argument relies principally on an obsolete doctrine that the U.S. Supreme Court abrogated in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). As for Mr. Cooper's public injunctive relief argument, it is based on a flawed premise that the recent decisions upon which he relies call for general invalidation of arbitration agreements. They do not. They relate only to the enforceability of waivers of public injunctive relief, an issue unrelated to Mr. Cooper's claims. While some arbitration agreements provide that if such a waiver is invalidated, the entire agreement is void, the parties' agreement here contains an express severability provision, so the purported issue he raises about public injunctive relief has no

impact on his obligation to arbitrate.

Mr. Cooper's California public injunctive relief argument is particularly specious because the Complaint does not actually include any well-pleaded claim for such relief. Mr. Cooper seeks compensation for alleged individual economic injury from a short-lived software bug that has long since been rectified, rather than raise any kind of ongoing problem widely affecting the general public, as would be required for a public injunctive relief claim. Thus, the Court should reject all of Mr. Cooper's arguments and compel arbitration of his claims.

## ARGUMENT

### I. ARBITRATION IS REQUIRED BECAUSE MR. COOPER CONCEDES THAT HE HAS AN ARBITRATION AGREEMENT WITH ADOBE.

As the Ninth Circuit recently reiterated, "online agreements that require affirmative user assent" are enforceable. *In re Holl*, 925 F.3d 1076, 1085 (9th Cir. 2019). Mr. Cooper does not dispute that he clicked a box affirming that he "read and agree[d] to the Terms of Use" for Adobe's "*Creative Cloud*" software suite, and thereby affirmatively assented to the Arbitration Agreement. Declaration of Christian Elgart in Support of Motion to Compel Arbitration ("Elgart Decl.") ¶¶ 20-21 & Ex. A, B (Adobe General Terms of Use and Terms of Use Interface Screenshot; emphasis added). Instead, he merely argues that he did not agree to arbitrate his claims concerning Premiere Pro CC 2017.1, the particular application within Creative Cloud that allegedly caused him damages, because he accepted the Arbitration Agreement at a time when he was using a different Creative Cloud application called Lightroom CC. Opposition ("Opp.") at 6-8.

This is a challenge to the scope of Arbitration Agreement, not to its formation. As such, Mr. Cooper's argument that the Arbitration Agreement applies only to the particular application being used at the time of the click-through acceptance is for the arbitrator to address. As Adobe established in its Motion To Compel Arbitration ("MTCA"), and Mr. Cooper does not contest, the Agreement incorporates by reference the Comprehensive Arbitration Rules and Procedures of JAMS (the "JAMS Rules"), which in turn assign to the arbitrator "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought." MTCA at 7 (quoting JAMS Rule 11(b)).

Mr. Cooper also does not contest that incorporation of such arbitration rules "constitutes clear and unmistakable evidence that the parties intended to delegate the arbitrability question to an arbitrator." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *see also Taylor v. Shutterfly, Inc.*, No. 18-cv-00266-BLF, 2018 WL 4334770, at *6 (N.D. Cal. Sept. 11, 2018); *Zenelaj v. Handybook Inc.*, 82 F. Supp. 3d 968, 975 (N.D. Cal. 2015).

Thus, Mr. Cooper's concession that he had an arbitration agreement with Adobe is dispositive of the only issue the Court needs to decide in order to send the case to arbitration. Mr. Cooper relies on cases such as *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279 (9th Cir. 2017), and *Knutson v. Sirius XM Radio, Inc.*, 771 F.3d 559 (9th Cir. 2014). But the issue in those cases was whether an agreement to arbitrate was formed at all, not whether or not an indisputably formed agreement covered a particular dispute.

In any event, Mr. Cooper's scope argument has no merit. The applicability of the Arbitration Agreement depends not on what particular product Mr. Cooper happened to be using when he entered into it, but on the terms to which the parties agreed. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) ("[a]s with any other contract dispute," courts "look to the express terms" of the parties' arbitration agreement to determine scope). The express terms of the parties' Agreement are clear; they obligate Mr. Cooper to arbitrate "any claims relating to . . . the Services, or the Software." Elgart Decl. Ex. A (Terms of Use) ¶ 13.1. "The Services" are defined as Adobe's "website or services such as the Creative Cloud," and "the Software" is defined as "software that [Adobe] include[s] as part of the Services." *Id.* at Preamble. Mr. Elgart's Declaration explains, and Mr. Cooper does not dispute, that both Premiere Pro CC and Lightroom CC are part of Adobe's Creative Cloud Services. Thus, should the Court find it necessary to reach Mr. Cooper's scope argument, the Court should reject it.

## II. MR. COOPER CANNOT AVOID ARBITRATION BASED ON HIS UNCONSCIONABILITY ARGUMENT.

Mr. Cooper's next argument is that the Arbitration Agreement is unconscionable. Opp. at 8-9. But this too is a question for the arbitrator and not the Court. Where, as here, there is "clear and unmistakable" evidence that the parties delegated to the arbitrator questions about the

enforceability and validity of the agreement, the arbitrator and not the Court decides whether the arbitration provision is unconscionable. *Brennan*, 796 F.3d at 1131; *see supra* at 2.[1]

In any event, if the Court were to reach the issue, Mr. Cooper's unconscionability argument would fail. "The party asserting that a contractual provision is unconscionable bears the burden of proof." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016). Mr. Cooper must establish both substantive *and* procedural unconscionability in order for an agreement to be invalidated. *Id.* He has failed to prove either. *See id.*

As to substantive unconscionability, Mr. Cooper remarkably relies on authority squarely overruled by the United States Supreme Court. He notes that "the Dispute Resolution provision includes a class action waiver," and asserts that "class action waivers are usually considered substantively unconscionable." Opp. at 9 (citing *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1004-05 (9th Cir. 2010)). The Supreme Court definitively rejected this proposition in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), holding that the Federal Arbitration Act preempted California's "*Discover Bank* rule" deeming class action waivers substantively unconscionable. The precedent Mr. Cooper cites, *Bridge Fund*, predates *Concepcion* and applies the now-obsolete *Discover Bank* rule. *See Bridge Fund Capital*, 622 F.3d at 1004-05 (citing *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1086-87 (9th Cir. 2010), which in turn cited *Discover Bank*).

While the lack of substantive unconscionability is dispositive alone, Mr. Cooper's procedural unconscionability argument fares no better. He complains that Adobe is a multinational company with more than 15,000 employees and the Terms of Use were not individually negotiated. Opp. at 9. However, he cites no authority in support, and courts regularly reject similar arguments. *See, e.g.*, *Marchand v. Northrop Grumman Corp.*, No. 16-cv-06825-BLF, 2017 WL 2633132, at *10 (N.D. Cal. June 19, 2017); *Mikhak v. Univ. of Phoenix*, No. C16-00901, 2016 WL 3401763, at *9 (N.D. Cal. June 21, 2016).

Mr. Cooper also protests what he calls the "surprise" of the Terms of Use covering all applications in Creative Cloud. But that claim rings hollow when the *very first sentence* of the

---

[1] Mr. Cooper makes no argument that the Agreement's delegation of arbitrability issues to the arbitrator, in and of itself, is unconscionable. *Cf. Brennan*, 796 F.3d at 1132.

Terms of Use makes clear that they apply across the board to all Creative Cloud applications. Elgart Decl. Ex. A at Preamble. The Terms of Use expressly provides that Creative Cloud is a single offering which contains many separate software point products. *Id.* A click-through assent for each product is nonsensical and not required. For good reason, it is a common and defensible industry practice for an arbitration agreement to cover aspects of the parties' relationship beyond a particular product or service being used at the moment the agreement was made. *See*, *e.g.*, *Holl*, 925 F.3d at 1085 (click-wrap arbitration agreement plaintiff entered for optional UPS tracking service applied to his claims challenging the company's freight shipping rates); *Schwartz v. Comcast Corp.*, 256 Fed App'x 515, 519 (3d Cir. 2007) (arbitration agreement plaintiff agreed to as part of work order related to Comcast's cable services applied to claims relating to Comcast's separately provided internet services). Mr. Cooper cites no authority for his attempt to recycle his scope argument as an unconscionability issue, and the Court should reject it—if the Court reaches it at all.

### III. MR. COOPER'S ARGUMENT BASED ON *BLAIR* AND *MCGILL* FAILS TO JUSTIFY HIS ATTEMPT TO AVOID ARBITRATION.

In his only remaining attempt to resist arbitration Mr. Cooper asserts that "Adobe's arbitration clause and class action waiver are invalid and unenforceable" under *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019), and *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017), because they supposedly "prohibit Plaintiff from seeking public injunctive relief." *See* Opp. at 1, 3-5. Again, because Mr. Cooper and Adobe delegated enforceability questions to the arbitrator, Mr. Cooper must make this argument in arbitration and not before this Court.

Indeed, this Court has specifically held that where, as here, the parties' agreement delegates arbitrability questions to the arbitrator, an objection that "the Arbitration Agreement is unenforceable due to the inclusion of the alleged public injunction relief waiver provision and poison pill provision" must be submitted to the arbitrator. *Shutterfly*, 2018 WL 4334770, at *8. Here, the basis for that approach is even stronger than in *Shutterfly* because, as further discussed below, Mr. Cooper's agreement with Adobe does *not* include any "poison pill provision" negating the underlying obligation to arbitrate if any aspect of the agreement is found unenforceable. To the

contrary, Mr. Cooper's agreement with Adobe provides: "If a particular term is not enforceable, the unenforceability of that term will not affect any other terms." Elgart Decl. Ex. A, ¶ 16.6.

Under *Brennan* and *Shutterfly*, this Court need not go further because Mr. Cooper's objection to arbitration based on *Blair* and *McGill* must be addressed to the arbitrator. To the extent the Court considers it necessary to reach the issue, Mr. Cooper's argument misstates *Blair* and *McGill*. *McGill* held that insofar as an arbitration provision purports to waive the right to seek California public injunctive relief "in *any* forum," such a waiver is unenforceable notwithstanding the FAA. 393 P.3d at 94 (emphasis added). In *Blair*, the Ninth Circuit agreed that "the FAA does not preempt the *McGill* rule." 928 F.3d at 831. In both cases, however, the only aspect of the parties' agreement rendered unenforceable was the waiver of public injunctive relief—not the underlying arbitration agreement as a whole. *See McGill*, 393 P.3d at 97 (contemplating that arbitration of certain claims would still occur); *Blair*, 928 F.3d at 832 (same).

Nor do *McGill* and *Blair* require that public injunctive relief claims be *litigated in court*; the problem was foreclosure of such a claim "in *any* forum," not in a judicial forum. While the parties in those cases *agreed* to litigate public injunctive relief rather than arbitrate it, that was their voluntary choice, not a holding of the cases. *See McGill*, 393 P.3d at 97 ("the parties agree that they elected in the Arbitration Agreement to exclude public injunctive relief requests from arbitration") (quotation marks and alterations omitted); *Blair*, 928 F.3d at 831 (agreement provided that if waiver was invalidated, public injunctive relief claim "must be severed from the arbitration" and "brought in court"). Similarly, while a "poison pill" provision may mean that the invalidation of a public injunctive relief waiver has the effect of voiding the arbitration agreement as a whole, that effect stems from the poison pill provision, not from the holdings of *McGill* or *Blair* themselves. *Cf. McArdle v. AT&T Mobility LLC*, 772 Fed. App'x 575 (9th Cir. 2019) (holding that because provision waiving public injunctive relief dictated that "[i]f this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void," the entire arbitration was rendered invalid), *reh'g pet. filed* (Aug. 9, 2019); *Shutterfly*, 2018 WL 4334770, at *3, *8.

Here, far from containing any "poison pill," the Arbitration Agreement requires that "[i]f a

particular term is not enforceable, the unenforceability of that term will *not* affect any other terms," *i.e.*, if any waiver of a particular form of relief is not enforceable, the obligation to arbitrate still remains fully intact and binding. Elgart Decl. Ex. A, ¶ 16.6 (emphasis added). Moreover, unlike in *McGill* and *Blair*, Mr. Cooper and Adobe have not agreed that, to the extent a claim for public injunctive relief must be allowed, it can only proceed in court. Thus, Mr. Cooper's *McGill*/*Blair* argument simply has no bearing on whether the Arbitration Agreement should be enforced and he should be compelled to arbitrate his claims.

In fact, Mr. Cooper does not even plausibly plead any claim for public injunctive relief. Other than a few uses of the word "injunction" that have no substantive content, his Complaint does not mention any request for injunctive relief, let alone "public injunctive relief" within the specialized meaning enunciated in *McGill*. Mr. Cooper purports to "bring this action . . . seeking declaratory relief, damages, equitable monetary relief, and such further relief as this Court may deem just and proper"—without mentioning injunctive relief. Compl. ¶ 5. The Prayer for Relief lists seven fairly specific forms of relief sought, but none of them is an injunction. *Id.* at 25. Mr. Cooper's brief emphasizes his CLRA count, Opp. at 3, but that count contains the word "injunction" only in its heading, with no discussion in the body and no specification of what conduct by Adobe he wants the Court to enjoin.

Mr. Cooper's failure to actually plead a claim for injunctive relief is not surprising, because his claims revolve around an incident nearly two and a half years ago involving a software bug that was promptly remedied. *See* Compl. ¶¶ 32-33 (detailing bug-fix software updates in May 2017). The Complaint contains no facts suggesting any ongoing issues. Indeed, the Complaint lacks any content to suggest Mr. Cooper or anyone else is "realistically threatened by a repetition" as necessary for Article III standing for injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). On top of all of this, Mr. Cooper, a Maryland resident, does not purport to have suffered any injury in California, further disqualifying him from pursuing a California public injunctive relief claim. *See*, *e.g.*, *Silverman v. Wells Fargo & Co.*, No. 18-cv-03886-YGR, 2018 WL 6046209, at *3 (N.D. Cal. Nov. 19, 2018). Thus, to the extent the Court considers it necessary to reach the issue, the Court should reject Mr. Cooper's public injunctive relief argument.

## IV. THE COURT SHOULD STAY THIS ACTION PENDING ARBITRATION.

The Court should stay, rather than dismiss, this action if it determines (as it should) that Mr. Cooper should be compelled to arbitrate his claims. MTCA at 9. Although the Court has discretion to stay or dismiss an action when it "determines that all of the claims raised in the action are subject to arbitration," *see Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014), a stay is proper when, as here, arbitrability has been placed in issue and the parties have delegated that question to the arbitrator. *Gutierrez v. FriendFinder Networks Inc.*, No. 18-cv-05918-BLF, 2019 WL 1974900, at *11 (N.D. Cal. May 3, 2019); *Baysand Inc. v. Toshiba Corp.*, No. 15-cv-02425-BLF, 2015 WL 7293651, at *3 (N.D. Cal. Nov. 19, 2015); *see also Elkin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2015 WL 11233144, at *2 (W.D. Wash. Feb. 10, 2015) (noting that stay, and not dismissal, is consistent with provisions of FAA precluding appeal of an order compelling arbitration). Mr. Cooper does not offer any justification for departing from the normal course in this case.

## CONCLUSION

For the reasons set forth above, and in its Motion to Compel Arbitration, Adobe respectfully requests that the Court order Mr. Cooper to submit his individual claims to arbitration, dismiss Mr. Cooper's class claims, and stay this action pending arbitration.

Dated: August 23, 2019

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Sean M. Callagy*
Sean M. Callagy
Benjamin T. Halbig
Oluoma Kas-Osoka

Robert J. Katerberg
Elisabeth S. Theodore

*Attorneys for Defendant Adobe Inc.*